1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MANUEL ACALA,

                Plaintiff,

        v.

JASON F. ROBERSON *et al*.,

                Defendants.

Case No.  C05-5082FDB

ORDER ADOPTING
REPORT AND
RECOMMENDATION

Plaintiff Acala filed a 42 U.S.C. § 1983 civil rights action when prison officials mistakenly

destroyed some of Plaintiff's personal property after Plaintiff was transferred from one prison to

another.  Defendants moved to dismiss, but also attempted to resolve this matter.  A settlement was

reached that calls for payment of $100 to Plaintiff and for the parties to request the Court to waive

further payments by Plaintiff toward the filing fee in this case.  The parties agree and understand that

the Court is not bound to grant the parties' motion absolving the Plaintiff from paying filing fees.

[Dkt. # 26, Release and Settlement page 2 ¶ 5.]

The Magistrate Judge recommends that the Court accept the settlement agreement but deny

the motion to waive further payment of the filing fee on the basis that there is no authority for waiver

of further payments on the filing fee and because it is contrary to the provisions of the Prison

Litigation Reform Act.  The statutory language is mandatory:

> After payment of the initial partial filing fee, the prisoner shall be required to make
> monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.
> The agency having custody of the prisoner shall forward payments from the prisoner's account to the
> clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2).  The United States notes that the Ninth Circuit has not issued an opinion on

ORDER
Page - 1

1    this issue but cites *Goins v. Decaro*, 241 F.3d 260 (2nd Cir. 2001) which ultimately held that the

2    PLRA makes no provision for return of fees partially paid or for cancellation of the remaining

3    indebtedness in the event an appeal is withdrawn, but which acknowledged the equities on each side

4    of this issue:

5            It is arguable that courts should encourage prisoners to withdraw appeals as soon as
             they realize that pursuing them would be futile and that a cancellation of undebited fee
6            installments provides some incentive to spare courts the time to complete the
             processing of meritless appeals.  On the other hand, refusing to cancel liability for
7            such installments serves the equally salutary purpose of obliging prisoners to pause
             before deciding whether to file their appeals, thereby sparing courts the need to waste
8            time with even the preliminary processing of some meritless appeals that are never
             filed.
9
     *Id*. at 261-62.   The *Goins* court has thoughtfully set out some considerations that possibly informed
10
     the enactment of the current statute.  The statute has been enacted, however, with mandatory
11
     language that this Court does not have the power to amend; moreover, the matter of fees to be paid
12
     and whether partial payment may suffice under certain circumstances where a settlement has been
13
     reached are not matters that may properly be bargained for by the parties in a case.
14
              NOW, THEREFORE, the Court, having reviewed, the Report and Recommendation of
15
     Magistrate Judge J. Kelley Arnold, objections to the report and recommendation, and the remaining
16
     record, does hereby find and ORDER:
17
             (1)     The Court adopts the Report and Recommendation;
18
             (2)     The action is **DISMISSED WITH PREJUDICE** under the terms set forth in the
19                   Release and Settlement Agreement except for the provision waiving further payment
                     of the filing fee.  After passage of the Prison Litigation Reform Act it does not appear
20                   the court has authority to waive payment.

21           (3)     The Clerk is directed to send copies of this Order to plaintiff, counsel for defendants,
                     and to the Hon. J. Kelley Arnold.
22

23           DATED this 29th day of July 2005.

24

25                                                    _____
                                                      FRANKLIN D. BURGESS
26                                                    UNITED STATES DISTRICT JUDGE

27

28

ORDER
Page - 2